## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ISAI MARTINEZ DE LA ROSA, | : | |
| Petitioner, | : | |
|  | : | |
| v. | : | Civil No.: 2:26-cv-04027 |
|  | : | |
| JAMAL L. JAMISON, et al., | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 17th day of June, 2026, upon consideration of the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the Government's letter brief in response to Petitioner's Habeas Petition (ECF No. 3), **IT IS HEREBY ORDERED** as follows:

1.    The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Martinez De La Rosa has resided in Lansdowne, Pennsylvania since he entered the United States in or around 2022. *See* Pet. for Habeas Corpus ¶¶ 17-18. On or about June 10, 2026, DHS officials detained Mr. Martinez De La Rosa and his family members while on their way to work. *See id.* ¶ 20.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Martinez De La Rosa is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Martinez De La Rosa's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Court acknowledges there is a circuit split with respect to the meaning of Section 1225(b)(2). *Compare Lopez-Campos v. Raycraft, et al.*, 2026 WL 1283891 (6th Cir. May 11, 2026), *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026), *and Cunha v. Freden*, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) (rejecting Government's argument), *with Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. Feb. 6, 2026) *and Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. Mar. 25, 2026) (agreeing with Government). But Third Circuit has yet to decide the consolidated appeals before it. Unless and

2.      Mr. Martinez De La Rosa is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Martinez De La Rosa from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on June 18, 2026**;

4.      If the Government chooses to pursue re-detention of Mr. Martinez De La Rosa pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

until the Third Circuit decides otherwise, the Court agrees with the majority of federal courts and rejects the Government's argument.

Accordingly, Mr. Martinez De La Rosa's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.